615 A.2d 880

Felicia ROBINSON, a minor by her mother and natural guardian, Brenda ROBINSON, and Brenda Robinson, in her own right, Appellant,

v.

SEPTA, Appellee.

Commonwealth Court of Pennsylvania.

Argued June 18, 1992.

Decided Aug. 25, 1992.

Bruce M. Rotfeld, for appellants.

No appearance for appellee.

Before DOYLE, and FRIEDMAN, JJ., and LEDERER, Senior Judge.

DOYLE, Judge.

Felicia Robinson and Brenda Robinson[1] appeal from an order of the Court of Common Pleas of Philadelphia County which denied their request that interest and attorney fees be assessed against the Southeastern Pennsylvania Transportation Authority (SEPTA).

The relevant facts are as follows: On or about August 26, 1988 Felicia Robinson and Brenda Robinson (the Robinsons) were injured while they were passengers on a bus operated by SEPTA. On June 25, 1990 the Robinsons filed suit against SEPTA for injuries they sustained. On March 5, 1991 Brenda Robinson executed a release, on behalf of herself and Felicia, agreeing to accept the sum of eight thousand two hundred thirty-six dollars and fifty cents ($8,236.50) in settlement of all claims arising from the accident. By letter dated March 18, 1991 SEPTA informed counsel for the Robinsons that, due to SEPTA's cash flow problems, payment would not be made for

---

1. Brenda Robinson is the mother and natural guardian of Felicia Robinson and brought suit on behalf of Felicia and in her own right.

one hundred and twenty (120) days following receipt of an order to settle, discontinue and end and a minor's compromise for Felicia. Thereafter, a petition for approval of a minor's compromise was filed with the Court of Common Pleas of Philadelphia County.[2] On April 10, 1991 the court entered an order approving the compromise.

On August 6, 1991 the Robinsons filed an affidavit and a proposed order pursuant to Philadelphia Civil Rule 229.1.[3] In the affidavit, the attorney for the Robinsons alleged that SEPTA had refused to pay the Robinsons in accordance with the settlement agreement. The Robinsons sought an order directing SEPTA to pay interest at the rate of 8.02% on the sum of eight thousand two hundred thirty-six dollars and fifty cents ($8236.50) from March 5, 1991. The court was also requested to assess attorney fees in the amount of five hundred dollars ($500.00). On August 21, 1991, an order was entered denying the Robinsons' motion. In its opinion in support of its order, the common pleas court opined:

> Pennsylvania Rule of Civil Procedure 2039(b) allows the Court to fix counsel fees and other expenses as it deems proper. Pennsylvania Law extends wide discretion to the Court in this area. An Appellate Court will not alter the

---

2.  The petition averred that SEPTA agreed to pay the sum of two thousand and four dollars ($2004.00) in settlement of Felicia's claim. According to correspondence between the parties, the sum of six thousand two hundred thirty-two dollars and fifty cents ($6232.50) was in settlement of Brenda Robinson's claim.

3.  Philadelphia Civil Rule 229.1 provides, in pertinent part:
    (D) A Released Party shall have twenty calendar days from receipt of an executed release within which to deliver the settlement funds to the Releasing Party or its counsel.
    (E) If settlement funds are not delivered to the Releasing Party within the aforesaid twenty-day period, the Releasing Party may:
        (1) invalidate the settlement; or
        (2) file an affidavit with Motion Court attesting to non-payment....
    (F) Upon receipt of the attorney affidavit and supporting documentation required by paragraph (E)(2) above, the Released Party shall have twenty days to file a response. If the Court finds that the Released Party had violated this rule and that there is no material dispute as to the terms of the settlement or the terms of the release, the Court shall impose sanctions in the form of simple interest ... together with reasonable attorneys' fees incurred in the preparation of the affidavit.

decision of a trial judge absent clear abuse of discretion. *Shearer v. Moore,* 277 Pa.Super. 70, 419 A.2d 665 (1980).

On September 5, 1991 the Robinsons filed a petition for reconsideration with a proposed order containing terms SEPTA had suggested. In the proposed order, the Robinsons requested interest be assessed at the rate of 6% from August 10, 1991 together with attorney fees in the amount of two hundred and fifty dollars ($250.00). This petition was subsequently denied. A timely appeal to this Court from the August 21, 1991 order ensued.[4]

■ On appeal, the Robinsons argue that the Court abused its discretion in refusing to impose attorney fees and interest on the settlement figure pursuant to Philadelphia Rule 229.1. The Robinsons further argue that the court's reliance on Pa.R.C.P. No. 2039 is misplaced. We agree. Rule 2039 provides, in pertinent part:

(a) No action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor.

(b) When a compromise or settlement has been so approved by the court ... the court, upon petition by the guardian or any party to the action, shall make an order approving or disapproving any agreement entered into by the guardian for the payment of counsel fees and other expenses out of the fund created by the compromise, settlement or judgment; or the court may make such order as it deems proper fixing counsel fees and other proper expenses. The balance of the fund shall be paid to a guardian of the estate of the minor qualified to receive the fund, if he has one or one is to be appointed.

This rule, by its terms, applies only to counsel fees and expenses payable out of the proceeds of a minor's compromise. The court is granted authority to approve or to disapprove such counsel fees and expenses or to fix the amount of the fees

4. The Robinsons originally filed an appeal in Superior Court. That Court then transferred the appeal to Commonwealth Court pursuant to Pa.R.A.P. 751.

and expenses as it deems proper. *See Romano by Romano v. Lubin,* 365 Pa. Superior Ct. 627, 530 A.2d 487 (1987) (counsel fees payable out of minor's settlement reduced from $363,000 to $227,000), *petition for allowance of appeal granted,* 518 Pa. 620, 541 A.2d 747 (1988); *see also Gilmore by Gilmore v. Dondero,* 399 Pa.Superior Ct. 599, 582 A.2d 1106 (1990) (counsel fees payable out of the proceeds of a compromise of a minor's claim reduced from the one-third fee agreed upon between counsel and the minor's parents to a one-quarter fee).

In the instant case, interest and attorney fees were requested pursuant to Philadelphia Rule 229.1. The interest and attorney fees, had they been imposed, would have been paid by SEPTA, as the released party, for its failure to deliver the settlement funds. Because no counsel fees or expenses would have been payable out of the proceeds of Felicia Robinson's settlement, Pa.R.C.P. No. 2039 provides no authority for the common pleas court to deny the Robinsons' request.[5]

■ Ordinarily our analysis would end once we have decided that the court erred in denying the Robinsons' request for attorney fees and interest. However, in order to provide guidance to the common pleas court, we will address the issue of that court's discretion in imposing interest and attorney fees under Philadelphia Rule 229.1.

Philadelphia Rule 229.1 provides that if the settlement funds are not delivered to the Releasing Party within the specified time period, a Releasing Party, such as the Robinsons, may file an affidavit with the Motion Court attesting to the non-payment. The following documents must accompany the affidavit: a proposed order; a copy of any document evidencing the terms of the settlement agreement; a copy of the executed release; and a copy of a receipt reflecting delivery of the executed release more than twenty days prior to the date of the filing of the affidavit.

Philadelphia Rule 229.1 further provides that if the court finds that the Released Party has violated this rule and that

---

5. We note that only that portion of the settlement which represents the minor's compromise is subject to Pa.R.C.P. No. 2039.

there is no material dispute as to the terms of the settlement or the terms of the release, the court *shall* impose sanctions in the form of simple interest at a specified rate. Rule 229.1 permits interest to accrue from the twenty-first day following receipt of the executed release to the date of delivery of the funds. Thus, if the Robinsons provided the documentation required by Rule 229.1 and if the court finds that SEPTA violated Rule 229.1 and further finds that there is no material dispute as to the terms of the settlement or the terms of the release, the common pleas court has no discretion in the award of interest. *See generally Grim v. Borough of Boyertown*, 141 Pa.Commonwealth Ct. 427, 595 A.2d 775 (1991) (in interpreting a statute, the use of the word "shall" is generally considered imperative).

■ Additionally, Philadelphia Rule 229.1 provides for the award of reasonable attorney fees incurred in the preparation of the affidavit. What constitutes a "reasonable" fee for the preparation of the affidavit is a matter for the court to determine. *See LaRocca Estate*, 431 Pa. 542, 246 A.2d 337 (1968), for a list of factors enumerated by our Supreme Court to be considered in determining if a request for attorney fees is reasonable.

■ However, in this case, it was SEPTA, the defendant, which in its answer to the Robinsons' petition acknowledged its liability under Philadelphia Rule 229.1 and itself proposed that an order be entered for interest at 6% from August 10, 1991 (in lieu of 8.02% from March 5, 1991) and counsel fees of two hundred fifty dollars ($250.00) (rather than $500) for the preparation of the petition. For the common pleas court to reject the proposal of SEPTA itself which the Robinsons had accepted was a clear abuse of discretion and legal error.

Based on the above discussion, we reverse the order of the Court of Common Pleas of Philadelphia County and remand the case for the entry of a proper order.

## ORDER

NOW, August 25, 1992, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is

hereby reversed and the case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.