**Bernice SANDERS, Adm. of the Estate of Leroy Sanders, Dec'd., Appellee,**

v.

**ALLEGHENY HOSPITAL—PARK-VIEW DIVISION, Parkview Hospital/Graduate Health System; Hospital of Philadelphia College of Osteopathic Medicine—Parkview Hospital Metropolitan Hospital—Parkview Division and Bio–Medical Applications of Pennsylvania, Inc. d/b/a BMA Parkview, Appellees.**

**Appeal of: Allegheny Hospital—Parkview Division, Parkview Hospital Graduate Health Systems, Appellants.**

Superior Court of Pennsylvania.

Submitted March 10, 2003.
Filed Sept. 18, 2003.

Daniel J. Divis, Philadelphia, for appellants.

Joseph V. Restifo, Bryn Mawr, for Sanders, appellee.

Steven D. Johnson, Philadelphia, for Bio–Medical Applications, appellee.

BEFORE: STEVENS and BOWES, JJ. and McEWEN, P.J.E.

OPINION BY BOWES, J.:

¶ 1 This is an appeal from an order granting sanctions pursuant to local rule 229.1 of the Philadelphia Court of Common Pleas ("Rule 229.1"). We affirm.

¶ 2 On October 23, 1997, Appellee Bernice Sanders, administrator of the estate of Leroy Sanders, filed a medical malpractice action alleging that the negligence of Appellants, Allegheny Hospital–Parkview Division and Parkview Hospital Graduate Health System ("Parkview"), among others, resulted in the death of her husband. On May 14, 2002, the trial court authorized a settlement between all parties in the gross amount of $37,500, $7,500 of which was payable by Parkview. The settlement agreement executed by Parkview and Appellee contained the following provisions:

Each party hereto shall bear all attorneys fees and costs arising from his/her/its actions or the actions of his/her/its own counsel in connection with the Complaint, this Release and Settlement Agreement and the matters and documents referred to herein and all related matters.

. . . .

This Release and Settlement Agreement contains the entire agreement between the Plaintiff and the Defendant with regard to the matters set forth in it and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each. There are no other understandings or agreements, verbal or otherwise, in relation thereto, between the Plaintiff and Defendant.

. . . .

It is hereby understood and agreed that settlement of this case includes any and all claims for counsel fees and costs arising in this Lawsuit.

Release and Settlement Agreement, 3/5/02, at 2–4.

¶ 3 On June 25, 2002, Appellee filed an affidavit under Rule 229.1 for sanctions resulting from Parkview's failure to deliver settlement funds. Parkview filed an answer and new matter alleging that Appellee agreed not to pursue a claim for attorney's fees or costs in connection with enforcement of the release under the terms of the settlement agreement. Parkview also alleged that the local rule conflicts with the Pennsylvania Rules of Civil Procedure and that Rule 229.1 is unconstitutional.

¶ 4 The trial court found that Parkview was delinquent in making payment, and Appellee was entitled to a Rule 229.1 award of sanctions.[1] Parkview appealed.

¶ 5 Rule 229.1 reads in relevant part:

(C) The Releasing Party and Released Party may agree in writing to modify or waive any of the provisions of this rule.

(D) A Released Party shall have twenty calendar days from receipt of an executed release within which to deliver the settlement funds to the Releasing Party or its counsel.

(E) If settlement funds are not delivered to the Releasing Party within the aforesaid twenty-day period, the Releasing Party may

(1) invalidate the settlement; or

---

1. The order awarding sanctions reads as follows:

[U]pon consideration of the affidavit of . . . counsel for [petitioner] . . . and upon a finding that payment was not made within twenty days of the order approving settlement in the above-captioned action, it is hereby ORDERED and DECREED that in addition to the settlement funds . . . Parkview Hospital is ORDERED to pay forthwith simple interest thereon . . . from 3 June 2002 to the date of delivery of the settlement funds . . . together with $300.00 in attorney's fees, pursuant to Philadelphia Civil Rule 229.1, plus reimbursement of the $30 motion filing fee.

Trial Court Order, 7/24/02, at 1.

(2) file an affidavit with Motion Court attesting to non-payment . . . .

(F) Upon receipt of the attorney affidavit and supporting documentation . . . the Released Party shall have twenty days to file a response. If the Court finds that the Released Party has violated this rule and that there is no material dispute as to the terms of the settlement or the terms of the release, the Court shall impose sanctions in the form of simple interest . . . running from the twenty-first day to the date of delivery of the settlement funds, together with reasonable attorneys' fees incurred in the preparation of the affidavit.

Pa. Phila. Civ. R. 229.1(C–F).

¶ 6 Parkview first asserts that the language in the settlement and release agreement providing that each party bear its own attorneys' fees effectuates a waiver of Rule 229.1, precluding an award of sanctions under its provisions. Parkview assures that this interpretation does not leave Appellee without recourse for a late payment as the rule affords the alternative option of invalidating the settlement in such an event.

 ¶ 7 This argument fails on all of its bases. First, Parkview's position that the parties expressly agreed to abstain from seeking attorneys' fees connected to enforcement of the agreement is specious. Settlement agreements are regarded as contracts and are scrutinized under rules of contract construction. *Friia v. Friia*, 780 A.2d 664 (Pa.Super.2001). The primary concern in construing a contract is to give effect to the intention of the parties. *Id.* at 668. When an agreement is framed in clear and unambiguous terms, this Court need only examine the writing itself to give effect to the parties' understanding. We will not re-write a contract to assign it a construction contrary to the plain meaning of the language used. *Acme Markets,*

*Inc. v. Federal Armored Express, Inc.,* 437 Pa.Super. 41, 648 A.2d 1218, 1221 (1994).

 ¶ 8 The language in the settlement agreement that obligates each party to bear its own attorneys' fees and costs clearly does not contemplate the initiation of an after-the-fact enforcement proceeding; rather, it is apparent that the reference to attorneys' fees concerned those amounts emanating from the underlying malpractice lawsuit and not from a collateral claim for sanctions under Rule 229.1. Thus, the terms of the settlement agreement will not be distorted to override the specific language of Rule 229.1.

¶ 9 Second, the language of the settlement and release that each party is responsible for its individual counsel fees and costs does not effectuate a waiver of Rule 229.1. To be enforceable, a waiver of Rule 229.1 would likely have to refer specifically to that rule and could not be reliant on the general language and its inferential intent as advocated by Parkview.

¶ 10 Third, Parkview's contention that the remedy of invalidation under subsection E(2) of the rule remains available to Appellee is completely irreconcilable with its argument that the parties waived application of the rule. In any event, the rule permits the petitioner to choose the form of relief requested. Appellee opted for sanctions, and Parkview has no authority to offer invalidation as an alternative recourse for its late payment.

¶ 11 Parkview next argues that Rule 229.1 was improperly applied because the trial court never decided whether there was a material dispute as to a term of the settlement agreement, a requirement dictated by the rule. Parkview again refers to its initial argument that the parties agreed to bear their own attorneys' fees and costs to validate its contention that a term of the settlement is in dispute.

¶ 12 Review of the order imposing Rule 229.1 sanctions confirms Parkview's position that the trial court did not discuss whether a term of the settlement agreement was disputed. In its opinion filed pursuant to Rule 1925(b), the trial court properly delineated the requisites before sanctions can be imposed under Rule 229.1, but again, omitted a discussion concerning the presence of an outstanding material dispute regarding any term of the settlement agreement. The court concluded simply: "As sanctions for violations of the twenty-day rule are mandatory, [w]e thus have no choice but to award sanctions." Trial Court Opinion, 9/24/02, at 2.

¶ 13 Although the trial court did not address the issue of the alleged disputed settlement terms, we find that this abbreviated resolution does not require reversal and remand. We already have concluded that the language of the agreement relative to attorneys' fees is directed towards those amounts arising out of the lawsuit and does not encompass a release from monetary sanctions owed via a finding of delinquency against the obligated party. In other words, the alleged material dispute concerning the settlement is illusory and the trial court's failure to respond to Parkview's strained interpretation cannot be considered reversible error.

¶ 14 Parkview also claims that the Philadelphia Court of Common Pleas lacked authority to adopt Rule 229.1. Parkview's support for this argument is again essentially a restatement of its position that the rule cannot override the terms of its settlement agreement, an argument we have now twice rejected.

¶ 15 The proper inquiry in deciding the validity of a local rule is whether it is inconsistent with any rule promulgated by the Pennsylvania Supreme Court or any statute. *Everhardt v. Akerley,* 445 Pa.Super. 600, 665 A.2d 1283, 1286 (1995).

Local courts have the power to formulate their own rules of practice and procedure. *Murphy v. Armstrong,* 424 Pa.Super. 424, 622 A.2d 992 (1993). These rules have equal weight to those rules established by the Pennsylvania Supreme Court provided that the local rules "do not abridge, enlarge or modify" the substantive rights of a party. *Pennridge Electric, Inc. v. Souderton School,* 419 Pa.Super. 201, 615 A.2d 95, 102 (1992); *see also* Pa.R.Civ.P. 239(b)(1) ("Local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly.").

¶ 16 Parkview has not identified any statewide rule or statute that conflicts with Rule 229.1 nor can we independently conclude that this rule runs afoul of any substantive rights guaranteed by the procedural rules promulgated by the Supreme Court. Therefore, Rule 229.1, which advances a local tribunal's interest in promptly enforcing settlement agreements, is valid and enforceable. Accordingly, we now turn to Parkview's assertion that the rule is unconstitutional.

¶ 17 At the outset, we observe that we previously have been presented with issues concerning the application of Rule 229.1 sanctions. *See e.g., Kramer v. Schaeffer,* 751 A.2d 241 (Pa.Super.2000) (plaintiff entitled to sanctions under Rule 229.1 for defendant's failure to timely tender settlement funds); *Harris v. Hospital of University of Pennsylvania,* 744 A.2d 769 (Pa.Super.1999) (twenty-day period under Rule 229.1 begins on date of court approval of settlement, not date of delivery of settlement agreement); *Robinson v. SEPTA,* 150 Pa.Cmwlth. 211, 615 A.2d 880 (1992) (twenty-day period runs from date of court approval in regard to minor's claim). No constitutional challenge was levied against the rule; indeed, as parsed by Parkview, no such contest is sustainable.

¶ 18 Parkview first claims that Rule 229.1 violates the Pennsylvania Constitution's guarantee to make reasonable contracts because it forces parties to incorporate non-negotiated terms into their agreements. In practical fact, the rule accomplishes the opposite result. Under Rule 229.1(C), parties are specifically permitted to waive adherence to the rule.

¶ 19 Parkview's final argument is that Rule 229.1 violates procedural due process guaranteed under the Fourteenth Amendment of the United States Constitution that "no state shall deprive any person of life, liberty or property without due process of law" by derailing its property interest in the executed release and settlement. Assuming, without deciding, that invocation of Rule 229.1 deprived Parkview of a protected property interest, it is clear that it received all the process which was constitutionally due.

■ ¶ 20 Procedural due process calls for protections tailored to the particulars of the situation, demanding a balancing of competing interests. *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Where a right, such as the property interest in the executed settlement agreement claimed here, protected by the constitutional guarantee of procedural due process is called into jeopardy, we weigh the individual's concern for procedural protections against the opposing interests of the government to determine the requirements of due process. *Pennsylvania Bar Ass'n v. Com.*, 147 Pa. Cmwlth. 351, 607 A.2d 850, 856 (1992).

■ ¶ 21 Assessing whether a constitutional violation of due process has occurred requires discussion of three factors:

First, the private interest that will be affected by the official action; the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

¶ 22 Parkview has identified the private right affected by application of the rule as the right to rely on the executed release and settlement. We must assess the extent to which Parkview will be deprived of that interest. *R. v. Department of Public Welfare*, 535 Pa. 440, 636 A.2d 142 (1994).

■ ¶ 23 We determined *supra* that the sanctions awarded under Rule 229.1 are separate from the negotiated terms of the release agreement and the award did not interfere with the rights contracted for in the release. Thus, Rule 229.1 simply does not impact Parkview's interest in enforcing its contract with Appellee.

¶ 24 Second, we evaluate the risk of an erroneous deprivation occurring under the procedures outlined in Rule 229.1. Parkview argues that the trial court's award of sanctions under Rule 229.1 without benefit of a hearing denied it an opportunity to be heard as guaranteed under the Fourteenth Amendment. To the contrary, the risk that Rule 229.1 effects an erroneous deprivation is minimal. The rule allows a responsive pleading to a petition requesting sanctions; Parkview availed itself of this opportunity and filed an answer listing its objections to the imposition of sanctions. Therefore, Parkview had and seized the opportunity to advance its argument against the imposition of sanctions before the trial court.[2]

2. We note that Appellant did not request a hearing when it filed its answer.

¶ 25 At this juncture, we examine whether additional safeguards attendant to Rule 229.1 would have protected Parkview's due process rights. Parkview offers for consideration the provisions of Beaver County Local Rule 229A which, like Philadelphia's Rule 229.1, imposes sanctions for failure to timely deliver settlement funds. The Beaver County rule diverges from the Philadelphia rule in that it allows for discovery and a hearing on the petition for sanctions if the court deems it necessary. Another difference is that the form order accompanying a petition for sanctions includes a finding that the failure to deliver the settlement funds was "dilatory, obdurate and vexatious." Pa. Beaver L.R.Civ.P. L229A (G). Parkview urges that the Philadelphia rule, which simply mandates sanctions when payment is not made within twenty days, when held in contrast to the more thoroughly crafted Beaver County rule, lacks adequate safeguards to protect its due process rights.

¶ 26 The fact that one local tribunal has chosen to provide additional requirements in enacting its local rules does not, as a matter of course or necessity, implicate the constitutionality of a less-detailed rule. We note also that the Beaver County rule does not guarantee a hearing on the petition; it merely contemplates the possibility of a hearing if the court deems it necessary, not if a party requests one. Finally, the Beaver County rule requiring the additional finding of malfeasance before sanctions are imposed has no impact on the opportunity to be heard; it speaks only to the type of evidence relevant before the rule is activated.

¶ 27 The last factor to consider is the government interest. Here, the local court has a decided concern in enforcing settlement agreements within a specified reasonable period of time. While allowing for a hearing to adjudicate whether the rule should be applied would not seem to be unduly fiscally or administratively burdening, it is utterly unnecessary. First, settling parties can waive application of the rule. Also, the delinquent party has an opportunity to argue why the rule should not be applied. To add an additional layer and require a hearing would frustrate the governmental interest of prompt resolution of disputes.

¶ 28 Applying the three-part *Mathews* analysis, we conclude that Appellant was not denied procedural due process by application of Rule 229.1 and that the rule is not unconstitutional.

¶ 29 For all of these reasons, we affirm.

¶ 30 Order affirmed.