IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Rivera,                           :
                    Appellant            :
                                         :
        v.                               :
                                         :   No. 1249 C.D. 2020
Lieutenant Starzynski                    :   Submitted: August 13, 2021


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                      FILED: October 14, 2021


          Michael Rivera (Rivera) appeals, pro se, from the Luzerne County
Common Pleas Court's (trial court) October 14, 2020 order denying and dismissing
his Petition to Enforce Settlement Agreement and Impose Sanctions (Enforcement
Petition). Rivera presents two issues for this Court's review: (1) whether the trial
court erred by concluding that Rivera was not entitled to sanctions pursuant to
Pennsylvania Rule of Civil Procedure No. (Rule) 229.1[1] for the Department of
Corrections' (Department) purportedly delayed payment of settlement funds; and (2)
whether the trial court erred by dismissing the Enforcement Petition without making
factual findings regarding the Department's settlement payment. After review, this
Court affirms.

          Rivera is currently an inmate at the State Correctional Institution (SCI)-
Phoenix. On June 6, 2016, Rivera filed a Complaint in Replevin in the trial court

---

[1] Pa.R.Civ.P. 229.1.

against Department correctional officer Lieutenant Starzynski[2] related to the confiscation of Rivera's personal property while he was incarcerated at SCI-Dallas (Civil Action). Ultimately, on November 13, 2019, Rivera and the Department entered into a settlement agreement (Agreement) that stated, in relevant part:

> The Department agrees to pay [Rivera] upon execution of this Agreement One-Thousand Three-Hundred and Seventy-Five Dollars (USD $1,375.00) to be paid by the Department in settlement of any and all [of Rivera's] claims against the Department and [Lieutenant Starzynski] based upon the events described in the Civil Action. The Department will use all resonable [sic] efforts to effect payment within sixty (60) days [(i.e., January 13, 2020)]; however, [Rivera] should be aware that payment can only be made after the Department of General Services' [(DGS)] [sic] approves the request for payment.

Original Record Item 96 (Enforcement Petition), Ex. N (Agreement) at 5.

Because he had not received the payment by January 13, 2020, Rivera filed the Enforcement Petition, wherein he claimed that he was entitled to interest on the late settlement funds beginning on the 61st day after the Agreement was executed, pursuant to Rule 229.1.[3] *See* Enforcement Petition at 2. Although the Enforcement Petition was dated February 12, 2020, it was not filed of record in the trial court until March 10, 2020. In the interim, on or about February 18, 2020, the Department paid the settlement funds to Rivera. *See* Rivera Br. at 4, 8. On October 14, 2020, the trial court denied and dismissed Rivera's Enforcement Petition with prejudice. Rivera appealed to this Court.[4]

---

[2] Lieutenant Starzynski's full name does not appear in the record before this Court.

[3] The Department did not file a response to the Enforcement Petition.

[4] Rivera filed his appeal in the Superior Court, which transferred the matter to this Court.

> [O]ur scope of review is plenary as to questions of law, and we are free to draw our own inferences and reach our own conclusions from the facts as found by the court. However, we are only bound by the trial court's findings of fact which are supported by competent evidence. The prevailing party is entitled to have the evidence

On January 4, 2021, Rivera filed a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Appellate Rule) 1925(b).[5] On March 18, 2021, the trial court filed its Opinion Pursuant to Appellate Rule 1925(a)(1) (1925(a)(1) Opinion), therein ruling that Rivera was not entitled to sanctions because the Department did not violate Rule 229.1.

Rivera argues that the trial court erred by concluding that he was not entitled to sanctions pursuant to Rule 229.1. Rivera specifically asserts that the Agreement entitled him to payment within 60 days, and the Agreement's DGS approval caveat did not waive his right to seek sanctions for the 35 days that the settlement fund payment was delayed.

Rule 229.1 authorizes courts to sanction a party for failing to timely deliver settlement funds. Rule 229.1 specifies, in relevant part:

> (c) If a plaintiff and a defendant have entered into an agreement of settlement, the defendant **shall deliver the settlement funds** to the attorney for the plaintiff, or to the plaintiff if unrepresented, **within twenty calendar days from receipt of an executed release**.
>
> . . . .
>
> Upon receipt of the settlement funds, the plaintiff shall file a discontinuance or deliver a discontinuance to the defendant.

---

viewed in the light most favorable to its position. Thus, we will only overturn the trial court's decision when the factual findings of the [trial] court are against the weight of the evidence or its legal conclusions are erroneous.

*See Hydrojet Servs., Inc. v. Reading Area Water Auth.*, 220 A.3d 1199, 1204 n.4 (Pa. Cmwlth. 2019) (quoting *Bennett v. Juzelenos*, 791 A.2d 403, 406 (Pa. Super. 2002)).

[5] The trial court did not issue an Appellate Rule 1925(b) order directing Rivera to file a Concise Statement of Errors Complained of on Appeal.

(d) **If settlement funds are not delivered to the plaintiff within the time required** by subdivision (c), **the plaintiff may seek to**

> (1) invalidate the agreement of settlement as permitted by law, or

> (2) **impose sanctions on the defendant** as provided in subdivision (e) of this rule.

(e) A plaintiff seeking to impose sanctions on the defendant shall file an affidavit with the court attesting to non-payment. . . .

. . . .

(g) **If the court finds that the defendant violated subdivision (c) of this [R]ule** and that there is no material dispute as to the terms of the settlement or the terms of the release, **the court shall impose sanctions** in the form of interest calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the interest is awarded, plus one percent, not compounded, running from the twenty-first day to the date of delivery of the settlement funds, together with reasonable attorneys' fees incurred in the preparation of the affidavit.

Pa.R.Civ.P. 229.1 (emphasis added).

However, Rule 229.1(b) provides that "[t]he **parties may agree in writing to modify** or waive **any of the provisions of this [R]ule**." Pa.R.Civ.P. 229.1(b) (emphasis added). The Explanatory Comment to Rule 229.1 similarly declares, in pertinent part:

> [W]hile [Rule 229.1] establishes a standard with respect to the delivery of settlement funds, the "**parties may agree in writing to modify** or waive **any of the provisions of this [R]ule**." Thus, **where the standard cannot be met because of the particular type of party involved**, industry practice or custom, or other consideration, **the parties may agree not to be bound by the [R]ule**.

Pa.R.Civ.P. 229.1, Explanatory Comment -- 2004 (emphasis added).

4

Moreover,

[t]his Court has explained:

> A settlement agreement . . . is 'in essence a contract binding the parties thereto.' *Commonwealth v. U.S. Steel Corp.*, . . . 325 A.2d 324, 328 ([Pa. Cmwlth.] 1974). . . . Accordingly, 'settlement agreements are governed by contract law principles.' *Lesko v. Frankford Hosp.-Bucks C[n]ty.*, . . . 15 A.3d 337, 341-42 ([Pa.] 2011).

> *Roe v. Pa. Game Comm'n*, 147 A.3d 1244, 1250 (Pa. Cmwlth. 2016). "The goal of contract interpretation is to ascertain and give effect to the parties' intent, as well as to all portions of the document." *Dick Enters., Inc. v. Dep't of Transp.*, 746 A.2d 1164, 1168 (Pa. Cmwlth. 2000); *see also Wert v. Manorcare of Carlisle PA, LLC*, . . . 124 A.3d 1248, 1259 ([Pa.] 2015) ("A contract shall be interpreted in accordance with the parties' intent. When a written contract is clear and unambiguous, the parties' intent is contained in the writing itself." (Citation omitted)).

*Whalen v. Pub. Sch. Emps.' Ret. Bd.*, 241 A.3d 1242, 1248-49 (Pa. Cmwlth. 2020). "Furthermore, we recognize [that] 'parties have the right to make their own contract, and it is not the function of this Court to re-write it, or to give it a construction in conflict with the accepted and plain meaning of the language used.'" *Gamesa Energy USA, LLC v. Ten Penn Ctr. Assocs., L.P.*, 217 A.3d 1227, 1238 (Pa. 2019) (quoting *Amoco Oil Co. v. Snyder*, 478 A.2d 795, 798 (Pa. 1984) (internal formatting omitted)).

Here, Section 5 of the Agreement specified that Rivera "carefully read [it], kn[e]w and underst[ood] its contents, and freely and voluntarily agree[d] to all of its terms and conditions." Agreement at 5. By executing the Agreement, Rivera acknowledged that the Department "would use all re[a]sonable efforts" to pay him in 60 days but, ultimately, the Department's payment date was governed by when

5

DGS approved the settlement.[6] Therefore, Rivera expressly agreed to "modify" Rule 229.1(c)'s 20-day deadline to the date DGS approved the settlement.[7] Pa.R.Civ.P. 229.1(b); *see also* Rule 229.1 Explanatory Comment -- 2004. Because it paid Rivera in accordance with the Agreement's express terms and conditions, the Department did not violate Rule 229.1(c). Accordingly, the trial court properly held that Rivera was not entitled to sanctions under Rule 229.1(g). *See* 1925(a)(1) Op.

Rivera also contends that the trial court erred by summarily dismissing the Enforcement Petition without making factual findings regarding the Department's settlement payment. However, it is clear on the face of the record that: (1) Rivera understood and executed the Agreement; (2) Rivera thereby agreed that the Department's payment deadline was dependent on DGS' approval, which could exceed 60 days from when the Agreement was executed; and (3) the Department paid Rivera the funds 95 days after the Agreement was executed. Because the relevant facts necessary for the trial court to resolve the Enforcement Petition were evident on the face of the record and, thus, not in dispute, no further fact-finding was necessary. Accordingly, the trial court did not err by dismissing the Enforcement Petition without making factual findings.

---

[6] Notably, Rivera failed to reference the modifying DGS approval condition in the Enforcement Petition and his brief to this Court. Further, Rivera did not claim in the Enforcement Petition that DGS approved the settlement within the 60 days, but the Department nevertheless delayed the payment.

[7] Rivera relies on the Superior Court's statement in *Sanders v. Allegheny Hospital-Parkview Division*, 833 A.2d 179 (Pa. Super. 2003), that, "[t]o be enforceable, a waiver of Rule 229.1 would *likely* have to refer specifically to that [R]ule and could not be reliant on the general language and its inferential intent[.]" *Id.* at 182 (emphasis added). However, not only was the *Sanders* Court's statement speculative and not precedential, it related to a waiver rather than a modification. Further, even if it was precedential, this Court, "as a co-equal intermediate appellate court, [is] not bound by the Superior Court's precedents[.]" *Commonwealth v. Irland*, 153 A.3d 469, 482 (Pa. Cmwlth. 2017), *aff'd*, 193 A.3d 370 (Pa. 2018). Accordingly, *Sanders* is inapposite.

Based on the foregoing, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Rivera,             :
         Appellant       :
                         :
        v.              :
                         :   No. 1249 C.D. 2020
Lieutenant Starzynski      :

## O R D E R

AND NOW, this 14th day of October, 2021, the Luzerne County Common Pleas Court's October 14, 2020 order is affirmed.

_____
ANNE E. COVEY, Judge