**Richard R. BLOCK, Appellee,**

v.

**Dianne BILINSKI, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 26, 2003.

Filed May 1, 2003.

Anthony B.E. Quinn, Philadelphia, for appellant.

Robert J. Lohr, West Chester, for appellee (submitted).

BEFORE: FORD ELLIOTT, KLEIN and MONTEMURO *, JJ.

OPINION BY MONTEMURO, J.:

¶ 1 This is an appeal from the Order docketed July 3, 2001, in the Philadelphia County Court of Common Pleas denying Appellant Dianne Bilinski's petition to assess counsel fees as costs. For the rea-

sons that follow, we are constrained to quash this appeal.

¶ 2 Sometime prior to 1989, Appellee Richard R. Block, an attorney, represented Bilinski on a domestic relations matter. In November of 1989, to guarantee payment for these legal services, Bilinski executed a judgment note, containing a confession of judgment clause, in the amount of $6,742.00. On November 30, 1989, after Bilinski defaulted and pursuant to the terms of the note, Block praeciped for entry of judgment.[1] In June of 1992, however, Bilinski filed for protection under Chapter 13 of the Bankruptcy Code. Because her plan contained no provision for repayment of the secured debt owed to Block, his claim survived her discharge of bankruptcy.[2]

¶ 3 Block filed writs of revival on the judgment in April of 1995, and again in September of 2000. In November of 2000, Block took steps to execute on the judgment by levying on Bilinski's personal property located at her residence at 8044 Craig Street in Philadelphia. Bilinski's petition to stay the execution sale and quash the writ of execution was granted by Order dated March 28, 2001. On May 10, 2001, Bilinski filed a petition to assess counsel fees pursuant to § 407(b) of Pennsylvania's Loan Interest and Protection Law[3] and § 362(h) of the federal Bank-

---

* Retired Justice assigned to Superior Court.

1. Bilinski also executed a second judgment note for $4,845.45. Under a separate docket number, Block praeciped for entry of judgment on this note in April of 1990. Although this note is referred to in both parties' briefs and in many of the documents contained in the certified record, the note itself does not appear in the record, and is not mentioned in the trial court Opinion. Indeed, the writs of revival and writs of execution which are contained in the record refer only to the first judgment note. Accordingly, we will refer only to the first judgment note, as consider-

ation of the second does not in any way alter our disposition of this appeal.

2. The decision of the Bankruptcy Judge on this matter was affirmed by the Third Circuit Court of Appeals. See Plaintiff's Memorandum of Law in Response to Defendant's Petition to Assess Counsel Fees as Costs, filed 6/11/01, at Exhibit 7, In Re: Dianne Bilinski, No. 98–2067, Memorandum Opinion, 213 F.3d 628 (3d Cir. filed March 28, 2000).

3. 41 P.S. § 407(b) provides:
   Any debtor who prevails in any action to remove, suspend or enforce a judgment entered by confession shall be entitled to re-

ruptcy Code.[4] However, her petition was denied by Order docketed July 3, 2001. This timely appeal follows in which Bilinski challenges the trial court's denial of her petition for counsel fees under both statutes.

¶ 4 Preliminarily, we must address Block's argument that this appeal should be quashed as interlocutory. He bases this contention, albeit inartfully, on the doctrine of the law of the case. "The doctrine of 'the law of the case' is that, when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the same case, reverse its previous ruling even though convinced it was erroneous." *Reamer's Estate*, 331 Pa. 117, 200 A. 35, 37 (1938). *See also Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1331 (1995). We may depart from the law of the case "only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." *Starr, supra* at 1332.

¶ 5 Here, the doctrine is activated by a quash order entered by this Court in a previous appeal from a similar order. That order was entered after the one appealed from *sub judice*. On May 10, 2001, the same day Bilinski petitioned to assess counsel fees based on the trial court's March 28th Order, Block sought to execute the confessed judgment on Bilinski's real property at the Craig Street location. Bilinski filed a motion to quash this second writ and stay the sheriff's sale scheduled for August 7, 2001. However, prior to any ruling on the motion to quash, Block voluntarily stayed the scheduled sheriff's sale. Accordingly, on August 1, 2001, the trial court dismissed Bilinski's motion to quash as moot. Bilinski then petitioned the court to assess counsel fees pursuant to 41 P.S. § 407(b). By Order dated November 6, 2001, the court granted Bilinski's petition and assessed counsel fees in favor of Bilinski and against Block in the amount of $1,735.00. Block subsequently filed a timely appeal. In an unpublished memorandum decision, a panel of this Court quashed Block's appeal as interlocutory.[5]

> In the present case, the award of attorney's fees was a matter collateral to the primary litigation regarding the execution on the confessed judgments. In an analogous circumstance, we concluded that an immediate appeal could not lie from an award of attorney's fees. *Brawley Distributing v. Heartland Properties*, 712 A.2d 331 (Pa.Super.1998) (appeal from an award of attorney's fees granted for frivolous filing of preliminary objections in a contract case quashed). We see no material distinction between *Brawley* and the present case.

*Block v. Bilinski*, No. 81 EDA 2002, unpublished memorandum at 3, 816 A.2d 323 (Pa.Super. filed November 8, 2002).

¶ 6 Based on the doctrine of the law of the case, we are bound by this Court's

cover reasonable attorney's fees and costs as determined by the court.

4.  11 U.S.C. § 362(h) provides:
    An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

5.  We note that although an unpublished memorandum decision generally has no precedential value, it "may be relied upon or cited when it is relevant under the doctrine of law of the case ...." *Vetter v. Fun Footwear Co.*, 447 Pa.Super. 84, 668 A.2d 529, 535 (1995), *appeal denied*, 544 Pa. 658, 676 A.2d 1199 (1996).

prior determination that an appeal from an order either awarding or denying attorney's fees is interlocutory. We find no intervening change in the law or facts to justify departure from our original conclusion.[6]

¶ 7 In her Reply Brief, Bilinski attempts to distinguish the two appeals by arguing that the order from which Block appealed, under docket number 81 EDA 2002, was not final and appealable because Block himself "did not treat the proceedings as final." (Bilinski's Reply Brief at 8). Indeed, when alerted to the appealability issue by this Court's Central Legal Staff, Block agreed that the appeal was premature. However, Bilinski provides no support for her contention that the appealability of an order is controlled by the manner in which it is treated by the appellant.

■ ¶ 8 As noted *supra*, we may depart from the law of the case doctrine when "the prior holding was clearly erroneous and would create a manifest injustice if followed." *Starr*, *supra* at 1332. Even if this Court's prior holding was "clearly erroneous," we find that no "manifest injustice" will occur if we follow it and quash this appeal. Indeed, if we were to review

the merits of Bilinski's claims, we would affirm based on the well-reasoned Opinion of the trial court.[7]

¶ 9 Therefore, because we conclude that we are bound by the doctrine of the law of the case, we quash this appeal as interlocutory.

¶ 10 Appeal quashed.

¶ 11 **KLEIN, J. did not participate in the decision of this matter.**

---

6. However, we must acknowledge that there appears to be support for Bilinski's assertion that the present order is appealable. Indeed, in several cases, this Court has decided an appeal from an order either granting or denying attorney's fees pursuant to 41 P.S. § 407(b). *See Continental Bank v. Rosen*, 401 Pa.Super. 285, 585 A.2d 49 (1991) (affirming trial court orders granting stays of execution and awarding attorney's fees under § 407(b)); *First National Bank v. Koneski*, 392 Pa.Super. 533, 573 A.2d 591 (1990) (reversing trial court order denying attorney's fees when appellant had successfully petitioned to open confessed judgment; appellant prevailed in action as required by § 407(b) notwithstanding fact that judgment still valid); *Drum v. Leta*, 354 Pa.Super. 448, 512 A.2d 36 (1986) (reversing trial court order granting petition to strike judgment but denying attorney's fees; award of fees to prevailing party mandatory

under § 407(b)); *Gardner v. Clark*, 349 Pa.Super. 297, 503 A.2d 8 (1986) (affirming award of attorney's fees to party who successfully avoided opposing party's attempt to enforce judgment against residence, despite fact that underlying judgement still valid). Although in none of these cases was the issue of the appealability of the order directly addressed, we must assume that this Court implicitly determined that the orders were, in fact, appealable.

7. The trial court concluded that the provision for attorney's fees under 41 P.S. § 407(b) was inapplicable because the writ at issue here was executed against personal property, rather than real property as required by the statute. Moreover, the court found that it was without jurisdiction to award fees under the Bankruptcy Code. (Trial Ct. Op. at 3–4).