J-A09026-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| U.S. BANK NATIONAL ASSOCIATION, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| V. | : | |
| | : | |
| ROBERT J. CAREY, | : | |
| | : | |
| APPEAL OF: GARY LEHNDORFF, JOY | : | |
| LEHNDORFF AND MICHELE M. CAREY, | : | No. 2206 EDA 2014 |

Appeal from the Order dated June 26, 2014,
Court of Common Pleas, Chester County,
Civil Division at No. 07-05584

BEFORE: BOWES, DONOHUE and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED MAY 19, 2015**

Gary Lehndorff, Joy Lehndorff (together "the Lehndorffs"), and Michele M. Carey ("Mrs. Carey") (collectively "Appellants") appeal from the orders entered on June 26, 2014 by the Court of Common Pleas of Chester County, Civil Division. For the reasons that follow, we affirm.

We summarize the relevant facts and procedural history of this case as follows. On April 28, 2006, Robert J. Carey ("Mr. Carey"), as the sole owner of 106 Windridge Drive, West Goshen Township, Pennsylvania ("the property"), executed a note and mortgage in favor of New Century Mortgage Corporation. New Century Mortgage Corporation subsequently assigned the mortgage to U.S. Bank National Association ("U.S. Bank"). On September 15, 2006, Mr. Carey executed a second mortgage on the property in favor of the Lehndorffs. On November 1, 2006, Mr. Carey defaulted on the U.S. Bank mortgage. On June 13, 2007, U.S. Bank filed this mortgage

foreclosure action against Mr. Carey, serving Mr. Carey on June 20, 2007. Four days later, on June 24, 2007, Mr. Carey executed a deed transferring title to the property from himself, individually, to both himself and Mrs. Carey, his wife. This deed was acknowledged on June 27, 2007 and recorded with the Chester County Recorder of Deeds on August 31, 2007. Likewise, the Lehndorff's mortgage was both acknowledged and recorded on June 27, 2007.

On March 24, 2008, U.S. Bank filed a motion for summary judgment. On May 5, 2008, the trial court granted U.S. Bank's motion for summary judgment and entered an in rem judgment in favor of U.S. Bank and against Mr. Carey. On November 20, 2008, U.S. Bank purchased the property as the successful bidder at the sheriff's sale ("the first sheriff's sale"). The sheriff's deed was issued on February 25, 2009 and recorded on March 25, 2009. U.S. Bank failed to provide notice to Mrs. Carey of the first sheriff's sale, however, because U.S. Bank's title company did not discover the deed transferring title to the property into both Mr. and Mrs. Carey's names. Thus, on September 2, 2009, U.S. Bank filed a motion seeking to confirm the first sheriff's sale and strike the June 24, 2007 deed transferring title of the property from Mr. Carey, individually, to both Mr. and Mrs. Carey. On December 4, 2009, the trial court denied U.S. Bank's motion, and sua sponte set aside the first sheriff's sale based on U.S. Bank's failure to

provide notice to Mrs. Carey of the first sheriff's sale. *See* Trial Court Order, 12/4/09.

On January 4, 2010, Mr. Carey appealed the trial court's decision to set aside the first sheriff's sale. *See* Notice of Appeal, 1/4/10. On March 3, 2011, the Superior Court affirmed the trial court's order setting aside the first sheriff's sale. ***See U.S. Bank Nat'l Ass'n v. Carey***, 42 EDA 2010 (Pa. Super. March 3, 2011) (unpublished memorandum). Mr. Carey filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which it denied on May 1, 2012.

On April 5, 2013, U.S. Bank filed and served upon Mr. and Mrs. Carey a praecipe for a new writ of execution and the affidavit required under Rule 3129 of the Pennsylvania Rules of Civil Procedure to list the property for sheriff's sale. On July 2, 2013, U.S. Bank filed an amended affidavit pursuant to Rule 3129.1. Thereafter, on January 16, 2014, U.S. Bank again purchased the property at sheriff's sale ("the second sheriff's sale").

On February 4, 2014, however, prior to the issuance of the deed, Appellants filed a counseled joint petition to set aside the second sheriff's sale, which sought to set aside that sheriff's sale on the basis that the trial court should not have set aside the first sheriff's sale. That same day, the trial court issued a rule upon U.S. Bank to show cause why Appellants were not entitled to the relief requested. *See* Trial Court Order, 2/4/14. On March 5, 2014, having received no answer from U.S. Bank by the rule return

date of February 24, 2014, Appellants filed a motion to make the rule absolute.

On March 10, 2014, U.S. Bank filed its answers to the Appellants' joint petition to set aside the second sheriff's sale and motion to make the rule absolute. On March 14, 2014, Appellants filed a motion to quash as untimely U.S. Bank's answer to the joint petition to set aside the second sheriff's sale. On May 2, 2014, U.S. Bank filed a response to Appellants' motion to quash. On June 26, 2014, the trial court denied Appellants' joint petition to set aside the second sheriff's sale. That same day, the trial court also denied Appellants' motion to make the rule to show cause absolute and the motion to quash.

On July 9, 2014, Appellants filed a motion for reconsideration of the trial court's June 26, 2014 orders, which the trial court denied on July 17, 2014. On July 25, 2014, Appellants filed a timely notice of appeal from the trial court's June 26, 2014 orders. On July 30, 2014, the trial court ordered Appellants to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On August 20, 2014, Appellants filed a timely Rule 1925(b) statement.

On appeal, Appellants raise the following issues for our review and determination[1]:

---

[1] We reordered the issues raised by Appellants for ease of review.

1. Whether the trial court abused its discretion and/or committed errors of law by denying a petition to set aside [the] second sheriff's sale of [the] property where the exclusive procedures for setting aside the first sheriff's sale were neither invoked by any party in interest nor followed by the trial court[?]

2. Whether the trial court abused its discretion and/or committed errors of law by denying a petition to set aside [the] second sheriff's sale of [the] property where the first [sheriff's] sale was properly conducted, the resulting [sheriff's] deed is valid and neither has ever been contested by any of the parties?

3. Whether the trial court abused its discretion and/or committed errors of law by denying a petition to set aside [the] second sheriff's sale of [the] property where the trial court had no authority to sua sponte set aside the first [sheriff's] sale[?]

4. Whether the trial court abused its discretion and/or committed errors of law by declaring that a prior order of the trial court and a memorandum opinion affirmation of that order acted as the "law of the case" to deny a petition to set aside [the second sheriff's] sale brought by parties in interest who had never before been parties to the litigation?

5. Whether the trial court abused its discretion and/or committed errors of law by denying a motion to make a rule absolute and a motion to quash as untimely an answer to a petition to set aside the [second sheriff's] sale where [U.S. Bank] failed to file a timely answer according to the rule to show cause and local rules of procedure?

Appellants' Brief at 7-8.

As a preliminary matter, both the trial court and U.S. Bank challenge Appellants' standing to bring this appeal because they were not parties to

the original foreclosure action and never petitioned to intervene. ***See*** Trial Court Opinion, 9/17/14, at 3 n.6; U.S. Bank's Brief at 12-13. Based on ***Merrill Lynch Mortg. Capital v. Steele***, 859 A.2d 788, 789-90 (Pa. Super. 2004), we conclude Appellants had standing to bring this appeal. In ***Merrill Lynch***, we explained:

> It is black letter law that "as a general policy ... 'a party seeking judicial resolution of a controversy in this Commonwealth must, as a prerequisite, establish that he has standing to maintain the action.'" ***In re Hickson***, [] 821 A.2d 1238, 1243 ([Pa.] 2003) (quoting ***Bergdoll v. Kane***, [] 83-84, 731 A.2d 1261, 1268 ([Pa.] 1999)). A party has standing if he is aggrieved, i.e., he can show a substantial, direct, and immediate interest in the outcome of the litigation. ***Id.*** Similarly, to set aside a sheriff's sale, one must be a "party in interest." Pa.R.C.P. 3132.
>
> In the present case, it is uncontested that Appellant was the record owner of the property at the time she petitioned to set aside the sheriff's sale. She had paid for the property, and the deed to her was recorded on October 31, 2002. She filed the petition on November 7, 2002, after the deed was recorded. In contrast, as of that date, REO had not yet received a sheriff's deed. As record owner of the property, Appellant obviously has a real, substantial, and direct interest in avoiding the transfer of the property to REO.

***Id.*** at 789-90.

Here, like ***Merrill Lynch***, each of the Appellants had a recorded interest in the property at the time they petitioned to set aside the second sheriff's sale. Therefore, Appellants have a real, substantial, and direct

interest in avoiding transfer of the property to U.S. Bank. Accordingly, we conclude Appellants had standing to petition to set aside the second sheriff's sale and appeal the trial court's decision to deny that petition.

Turning our attention to the issues raised by Appellants, we begin by addressing Appellants' first four issues together as each deals with Appellants' argument that the trial court erred in denying their petition to set aside the second sheriff's sale on the basis that the first sheriff's sale was improper. "Equitable considerations govern the trial court's decision to set aside a sheriff's sale. This Court will not reverse the trial court's decision absent an abuse of discretion." ***Bank of Am., N.A. v. Estate of Hood***, 47 A.3d 1208, 1211 (Pa. Super. 2012) (citations omitted). Appellants' chief complaint is that the trial court abused its discretion by denying their petition to set aside the second sheriff's sale because it did not follow the appropriate procedures for setting aside the first sheriff's sale pursuant to Rule 3132 of the Pennsylvania Rules of Civil Procedure.[2] ***See*** Appellants' Brief at 13-27, 31-34.

---

[2] Rule 3132, which governs setting aside sheriff's sales, provides:

> Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132.

Appellants argue that the trial court erred because it set aside the first sheriff's sale after delivery of the sheriff's deed to U.S. Bank. *Id.* at 14-18. Additionally, Appellants contend that the trial court abused its discretion in setting aside the first sheriff's sale because that sale was properly conducted, the resulting sheriff's deed is valid, and neither the sale nor the sheriff's deed has ever been contested by any of the parties. *Id.* at 18-22. Thus, Appellants assert that the trial court had no authority to sua sponte set aside the first sheriff's sale. *Id.* at 23-27. Furthermore, Appellants claim that the trial court's decision to set aside the first sheriff's sale solely on the basis that U.S. Bank did not notify Mrs. Carey of the first sheriff's sale, when she did not challenge that sale, was improper. *Id.* at 19.

The trial court determined that the law of the case doctrine precluded it from setting aside the second sheriff's sale on the basis that it improperly set aside the first sheriff's sale. Trial Court Opinion, 9/17/14, at 9-10. The law of the case doctrine sets forth various rules that "embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *Morgan v. Petroleum Prods. Equip. Co.*, 92 A.3d 823, 827 (Pa. Super. 2014) (quoting *Ario v. Reliance Ins. Co.*, 980 A.2d 588, 597 (Pa. 2009)). "The law of the case doctrine dictates that upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate

court." ***Signora v. Liberty Travel, Inc.***, 886 A.2d 284, 290 (Pa. Super. 2005). Departure from the law of the case doctrine is permitted "'only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed.'" ***Id.*** (quoting ***Commonwealth v. Starr***, 664 A.2d 1326, 1332 (Pa. 1995)).

We conclude that the trial court did not abuse its discretion in denying Appellants' petition to set aside the second sheriff's sale. As we mentioned above, Mr. Carey already appealed and this Court decided, the issue of whether the trial court erred in setting aside the first sheriff's sale. In its Memorandum, this Court explained:

> Here, [U.S. Bank] did not follow the petition procedure; indeed, [U.S. Bank] did not seek to set aside the sheriff's sale. Instead, [U.S. Bank] filed a petition attempting to seek confirmation of the sheriff's sale by the trial court. When the trial court had the propriety of the sheriff's sale before it, it also had the considerations of fraud and lack of authority before it. At that time, it found an impropriety therein, a lack of notice[,] which the trial court found to be offensive to the fundamental rights of due process. While we are aware that the party whose rights were abridged, Carey's wife, did not mount such a claim, we do not find this aspect of the case to be dispositive. This Court, in ***First E. Bank, N.A. v. Campstead, Inc.***, 637 A.2d 1364 (Pa. Super. 1994), found a sheriff's sale without proper notice to all affected parties to be "defective." ***Id.*** at 1367. We cannot say that the trial court abused its discretion in setting aside a defective sheriff's sale

> when it was called upon to examine the propriety of that sale.

**U.S. Bank**, 42 EDA 2010, at 2-3.

Thus, had the trial court set aside the second sheriff's sale on the basis that it improperly set aside the first sheriff's sale, it would have reopened a question that a higher court had decided in the earlier phases of the matter in violation of the law of the case doctrine. **See Morgan**, 92 A.3d at 827. We likewise cannot provide Appellants the relief requested as we cannot alter the resolution of a legal question previously decided by the same appellate court in the same case. **See Signora**, 886 A.2d at 290. Accordingly, the trial court did not abuse its discretion in denying Appellants' petition to set aside the second sheriff's sale.

Appellants argue that the law of the case doctrine does not apply to them because this Court's prior decision regarding the trial court's set aside of the first sheriff's sale was an unpublished memorandum, and therefore non-precedential, and because Appellants were not parties to that appeal. Appellants' Brief at 31. Additionally, Appellants assert that the trial court's order setting aside the first sheriff's sale was clearly erroneous and would create a manifest injustice if followed. **Id.** at 31-32.

These arguments also do not entitle Appellants to any relief. The law of the case doctrine clearly states that when an appellate court has considered and decided a question submitted to it upon appeal, that court

- 10 -

will not in a subsequent appeal, in another phase of the same case, reverse its previous ruling. ***Block v. Bilinski***, 823 A.2d 970, 972 (Pa. Super. 2003). This is exactly what Appellants seek for us to do in this case. The fact that the prior decision from this Court was an unpublished memorandum is immaterial. Furthermore, Appellants cite no case law to support the proposition that the law of the case doctrine does not apply to them because they were not parties to the prior appeal. Moreover, Appellants fail to explain how the decision to set aside the first sheriff's sale would create a manifest injustice on the Appellants' interest in the property. To the contrary, there is no perceivable difference between the first and second sheriff's sales other than the time at which each sale occurred; the same party (U.S. Bank) purchased the property at each sale. Therefore, we have no basis on which to conclude that an exception to the law of the case doctrine applies.

For their fifth issue on appeal, Appellants argue that the trial court abused its discretion by denying their motion to make the trial court's rule to show cause absolute and their motion to quash as untimely U.S. Bank's answer to Appellants' petition to set aside the second sheriff's sale.[3]

---

[3] On June 26, 2014, the trial court issued two orders in this case, one denying Appellants' petition to set aside the second sheriff's sale and the other denying Appellants' motions to make the rule to show cause absolute and to quash as untimely U.S. Bank's answer to Appellants' petition to set aside the second sheriff's sale. ***See*** Trial Court Orders, June 26, 2014. Appellants' notice of appeal stated that they were appealing the **orders**

- 11 -

Appellants' Brief at 34-36. Appellants assert that because U.S. Bank did not timely file its answer, both the Pennsylvania and Chester County Rules of Civil Procedure required the trial court to make the rule absolute and grant Appellants' joint petition to set aside the second sheriff's sale. *Id.*

The record reflects that the trial court's rule to show cause required U.S. Bank to file an answer within twenty days and stated that Rule 206.7(a) of the Pennsylvania Rules of Civil Procedure would govern Appellants' joint petition to set aside the second sheriff's sale. Trial Court Order, 2/4/14. Rule 206.7(a), which governs procedure after the issuance of a rule to show cause, provides that "[i]f an answer is not filed, all averments of fact in the

---

entered on June 26, 2014. *See* Notice of Appeal, 7/25/14. U.S. Bank asserts that the order denying Appellants' motions to make the rule to show cause absolute and to quash as untimely U.S. Bank's answer to Appellants' petition to set aside the second sheriff's sale is interlocutory and not appealable. U.S. Bank's Brief at 22.

Generally, taking one appeal from two orders is not acceptable practice and discouraged. *Sulkava v. Glaston Finland Oy*, 54 A.3d 884, 888 (Pa. Super. 2012). However, "an appeal of a final order subsumes challenges to previous interlocutory decisions[.]" *Betz v. Pneumo Abex, LLC*, 44 A.3d 27, 54 (Pa. 2012). Thus, Appellants' appeal from the order denying their petition to set aside the second sheriff's sale, which is a final order pursuant to Rule 341(b)(1) of the Pennsylvania Rules of Appellate Procedure, *see, e.g.*, *Bank of Am.*, 47 A.3d at 1209, subsumed the order denying Appellants' motions to make the rule to show cause absolute and to quash as untimely U.S. Bank's answer to Appellants' petition to set aside the second sheriff's sale. Moreover, Appellants' arguments relating to those two orders relate directly to the trial court's decision to deny their petition to set aside the second sheriff's sale, and we would need to consider them even if Appellants had only appealed the order denying their petition to set aside the second sheriff's sale. Therefore, we decline to quash the appeal based on U.S. Bank's argument.

petition **may** be deemed admitted for the purposes of this subdivision and the court shall enter an appropriate order." Pa.R.C.P. 206.7(a) (emphasis added). Importantly, Rule 206.7(a) does not require that the trial court make the rule absolute. The explanatory comment to Rule 206.7(a) states that "[t]he rule provides some flexibility by giving the court discretion to consider an answer not timely filed." Pa.R.C.P. 206.7(a), Explanatory Comment.

In further support of their argument, Appellants also rely on Rule 206.4(c)(4) of the Chester County Rules of Civil Procedure, which provides:

> If no answer has been timely filed, the petitioning party, not less than five (5) days after the rule return date, may move to have the rule made absolute, granting the prayer of the petition, and the Court **may** consider such petition as unopposed and grant such motion as of course.

C.C.R.C.P. 206.4(c)(4) (emphasis added).

Although U.S. Bank admittedly untimely filed its answer to Appellants' joint petition to set aside the second sheriff's sale and the trial court's rule to show cause, the trial court, given the discretionary language of Pa.R.C.P. 206.7(a) and C.C.R.C.P. 206.4(c)(4), chose to accept U.S. Bank's late filings. The trial court explained:

> We must be slow to reject the cause of litigants in *pro forma* fashion since the failure of counsel to provide for technical compliance is a matter deserving of judicial review and of the exercise of judicial discretion. Here, [U.S. Bank] contends that due to a clerical oversight it did not learn of the filing

- 13 -

of the Petition and therefore file an answer in the requisite time period for so doing. ([U.S. Bank]'s Answer to [Appellants'] Mot. to Make Rule Absolute, 3/10/14, at 2). Because [U.S. Bank] filed its answer shortly after the learning of the oversight, equity requires the [c]ourt to exercise its discretion and consider the answer to the Petition as timely filed and the Petition as opposed. As [Appellants] are not parties to this action; they cannot adequately establish prejudice. Granting [Appellants'] Motion would only result in a waste of judicial economy and undue expense on [U.S. Bank]. Thus, the [c]ourt chose to exercise its judicial discretion in accepting the late filing and denying [Appellants'] Motion to Make Rule Absolute. Accordingly, [Appellants'] argument to the contrary is devoid of merit.

Trial Court Opinion, 9/17/14, at 5. We agree.

Appellants filed and served their joint petition to set aside the second sheriff's sale on February 4, 2014. On that same date, the trial court issued a rule upon U.S. Bank to show cause why Appellants were not entitled to the relief they requested, with a return date of February 24, 2014. Trial Court Order, 2/4/14. On March 5, 2014, Appellants filed a motion to make the rule absolute pursuant to the Chester County Rules of Civil Procedure 206.4(c)(4). On March 10, 2014, U.S. Bank filed its answer to Appellants' joint petition to set aside the second sheriff's sale and its answer to Appellants' motion to make the rule absolute.

Given the discretionary nature of the applicable rules of civil procedure, we conclude that the trial court did not abuse its discretion in accepting U.S. Bank's late filing and treating Appellants' joint petition to set

aside the second sheriff's sale as opposed. Rule 126 of the Pennsylvania Rules of Civil Procedure makes clear:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126. Appellants have failed to assert any prejudice that they sustained by U.S. Bank's failure to file its answer to the joint petition to set aside the second sheriff's sale and the rule to show cause only fourteen days after the rule return date and five days after Appellants filed their motion to make the rule absolute. As there is no indication that the trial court's action here affected Appellants' substantive rights, **see id.**, this argument does not entitle Appellants to any relief.

Appellants further argue that they are entitled to relief under Chester County Rule of Civil Procedure 206.4(c)(3), which provides:

> All well-pled factual averments in a petition upon which a rule to show cause has been granted, or in preliminary objections endorsed with a notice to plead and properly containing averments to fact, shall be deemed admitted unless an answer specifically denying the same is filed on or before the close of court within twenty days after service of the petition upon the respondent(s), or such shorter time as the court may have allowed, or, in the case of preliminary objections, on the date on which an answer to the preliminary objections is due pursuant to the Pennsylvania Rules of Civil Procedure.

C.C.R.C.P. 206.4(c)(3). Appellants assert that Rule 206.4(c)(3) entitles them to relief because U.S. Bank admittedly filed its answer to the joint petition to set aside the second sheriff's sale and rule to show cause late. Appellants' Brief at 35-36. This argument is unavailing as U.S. Bank readily acknowledged the untimeliness of its answer and the trial court accepted U.S. Bank's answer in spite of its tardiness. Moreover, while local Rule 206.4(c)(3) mandates the admission of the fact that U.S. Bank's answers were untimely, it does not compel the trial court to make the rule absolute and grant Appellants' petition to set aside the second sheriff's sale. *See* C.C.R.C.P. 206.4(c)(3).

This local rule also conflicts with the language of Pa.R.C.P. 206.7(a), which states that averments of fact in the petition to set aside a sheriff's sale **may** be deemed admitted if no answer is filed. Pa.R.C.P. 206.7(a). C.C.R.C.P. 206.4(c)(3), conversely, states that factual averments in a petition upon which a rule to show cause has been granted, "**shall** be deemed admitted unless an answer specifically denying the same is filed … within twenty days after service of the petition[.]" C.C.R.C.P. 206.4(c)(3). This Court has held that local rules must not "abridge, enlarge or modify" the substantive rights of a party. *Sanders v. Allegheny Hosp.-Parkview Div.*, 833 A.2d 179, 183 (Pa. Super. 2003) (quotations and citations omitted); *see also* Pa.R.C.P. 239(b)(1) ("Local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of

Assembly."). Therefore, this argument does not entitle Appellants to any relief.

The trial court did not err in accepting U.S. Bank's untimely answer to the rule to show cause why the trial court should not grant Appellants' joint petition to set aside the second sheriff's sale. Because this is the sole argument Appellants make in support of their claim that the trial court erred in denying Appellants' motion to make the rule absolute and their motion to quash U.S. Bank's answer to Appellants' joint petition to set aside the second sheriff's sale, Appellants are not entitled to any relief.

Orders affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2015