J-A29019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RUTH ANN WOS, ADMINISTRATRIX OF THE ESTATE OF ANTHONY WOS, DECEASED AND RUTH ANN WOS IN HER OWN RIGHT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SELECT SPECIALTY HOSPITAL OF PITTSBURGH, INC. | |
| APPEAL OF: RUTH ANN WOS | |
| | No. 1869 WDA 2014 |

Appeal from the Order October 28, 2014
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): GD 12-013004

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND MUSMANNO, JJ.

JUDGMENT ORDER BY BOWES, J.:                    **FILED OCTOBER 14, 2015**

Ruth Ann Wos ("Plaintiff") appeals from the order entering judgment on the pleadings and dismissal of her lawsuit.  We dismiss this appeal.

Plaintiff instituted this wrongful death/survival action against the "University of Pittsburgh Medical Center, individually and trading as Select Specialty Montefiore and Select Specialty Montefiore, a Corporation." Complaint, 7/27/12, at 1.  She alleged that her husband died due to negligent care rendered by employees during a hospitalization at Select Specialty Montefiore.  The complaint did not set forth a claim for corporate

negligence. Plaintiff filed a certificate of merit indicating that that there was "a basis to conclude that the Hospital provided negligent care and treatment to Plaintiff's Decedent in the respects set forth in Plaintiff's Complaint." Certificate of Merit, 7/27/12, at 1. The named defendants filed a motion to dismiss and affidavit of non-involvement since the treatment provided to the decedent occurred at Select Specialty Hospital-Pittsburgh, Inc. ("Hospital"), a corporation separate and unrelated in ownership and governance to the named defendants.

On August 31, 2012, counsel for Hospital entered an appearance and issued notice of intent to enter judgment of *non pros* against Plaintiff because a certificate of merit was not filed regarding the claims of vicarious liability pled against that entity in the complaint. Plaintiff did not respond, and judgment of *non pros* was entered on October 2, 2012. On October 26, 2012, Plaintiff presented a petition to strike/open the *non pros* to a trial court. That petition was not filed or docketed, nor does it appear in the record.

The trial court denied Plaintiff's petition to strike/open the judgment of *non pros*.[1] Plaintiff's ensuing appeal to this Court was dismissed due to her failure to file a brief, but was later reinstated. We then found Plaintiff's challenges to the propriety of the trial court's refusal to strike/open the

---

[1] We note that an order denying a petition to strike or open a judgment is a final, appealable order. Pa.R.A.P. 311(1).

judgment of *non pros* waived because her petition to strike/open was not in the record. ***Wos v. Select Specialty Hospital***, 100 A.3d 300 (Pa.Super. 2013) (unpublished memorandum). We declined to afford the Plaintiff an opportunity to cure the record omission based upon her "history of omissions and inactions throughout this case[.]" ***Id.*** at 8.

On June 10, 2014, Plaintiff filed a copy of a 2012 petition to strike/open the judgment of *non pros*. Defendant then moved for judgment on the pleadings. The trial court granted the motion, and this appeal followed. Herein, Plaintiff again challenges the propriety of the trial court's January 10, 2013 refusal to strike or open the October 2, 2012 entry of judgment of *non pros*.

We have previously ruled that Plaintiff waived her challenges to the trial court's refusal to strike or open the judgment of *non pros*. This ruling is law of the case, and we must find Plaintiff's issues to be waived. ***Block v. Bilinski***, 823 A.2d 970, 972 (2003) (citation omitted) ("[W]hen an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the same case, reverse its previous ruling even though convinced it was erroneous."). Since Plaintiff's issues are waived for purposes of this appeal, we dismiss it.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/14/2015