J-A09043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JESSICA LYNN RAKER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BAR-B-Q PIT, INC. | : | |
| | : | |
| Appellant | : | No. 1037 MDA 2016 |

Appeal from the Order Entered June 21, 2016
In the Court of Common Pleas of Berks County
Civil Division at No(s): 14-1877

BEFORE: GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED OCTOBER 13, 2017**

Appellant, Bar-B-Q Pit, Inc. ("Bar-B-Q Pit"), appeals from the order of the Berks County Court of Common Pleas, which denied Bar-B-Q Pit's motion to strike a writ of execution entered in favor of Appellee, Jessica Lynn Raker. We affirm.

The relevant facts and procedural history of this case are as follows. On June 16, 2010, Ms. Raker sued Bar-B-Q Pit in federal court for employment discrimination, alleging, *inter alia*, that while she worked as a server at Bar-B-Q Pit from November 2007 until July 2008, her boss, Hippocrates Deligiannis, a principal and/or owner of Bar-B-Q Pit, subjected her to a hostile work environment due to constant sexual harassment. Ms. Raker complained to the Bar-B-Q Pit managers, who were Mr. Deligiannis' daughters; but they rebuked the complaints and retaliated by reducing Ms. Raker's hours of employment. On February 28, 2013, the federal district

court granted judgment in Ms. Raker's favor on the issue of liability and scheduled a trial on damages. The court held a bench trial on damages on March 18, 2013; representatives of Bar-B-Q Pit failed to appear. After hearing Ms. Raker's uncontroverted testimony, the federal court entered judgment in Ms. Raker's favor in the amount of $112,878.80 ("federal judgment").

Ms. Raker filed a *praecipe* to transfer the federal judgment to the Berks County Court of Common Pleas on February 18, 2014, which was entered at the current docket No. 14-1877. Ms. Raker subsequently filed a *praecipe* for writ of execution. On April 4, 2014, the sheriff levied upon property located on the Bar-B-Q Pit premises.

Prior to the scheduled sheriff's sale, on April 24, 2014, Bar-B-Q Pit issued notice of filing for Chapter 7 bankruptcy, triggering an automatic stay of all proceedings. The bankruptcy court vacated the automatic stay on July 9, 2014, to allow Ms. Raker to resolve her rights to the levied property.

Meanwhile, the principals of Bar-B-Q Pit, and other related entities, claimed ownership of the levied property. On July 15, 2014, the sheriff issued a determination of ownership concerning some of the property. Specifically, the sheriff decided Hippocrates Deligiannis owned the liquor license levied upon, another entity called Anna's Bar-B-Q Pit, Ltd. owned various tables and chairs and $1,172.19 in cash found in the registers, and another entity called Grecian Terrace, Ltd. owned #1-23, #31-34, and #37-46 listed on the levy attached to Ms. Raker's writ of execution. Ms. Raker

filed objections to the sheriff's determination of ownership on July 24, 2014.[1]

On August 20, 2014, the writ was stayed and the levy was released.[2]

Shortly thereafter, on August 26, 2014, Ms. Raker filed a separate lawsuit in the Berks County Court of Common Pleas at docket No. 14-17806 ("tort case") against Anna's Bar-B-Q Pit, Ltd., Grecian Terrace, Ltd., Hippocrates Deligiannis, Anna Deligiannis, Eleni Deligiannis, and Georgine Deligiannis a.k.a. Georgine Zdravecki. In her tort complaint, Ms. Raker alleged counts of fraudulent transfer and successor liability. Essentially, Ms. Raker complained the tort defendants committed wrongful acts to avoid enforcement of the federal judgment by transferring Bar-B-Q Pit's assets to Anna's Bar-B-Q Pit and operating Anna's Bar-B-Q Pit in the same manner and location. The tort case proceeded to trial and, after twelve days of testimony/evidence, the parties reached a settlement on April 4, 2016, for $350,000.00.[3] The tort defendants subsequently sought to undo the settlement agreement on the ground of duress; so Ms. Raker made an oral motion to enforce the settlement agreement, which the court granted after a

---

[1] Ms. Raker states in her appellate brief that her objections to the sheriff's determination of ownership remain outstanding.

[2] The bankruptcy case was closed and terminated on September 4, 2014. The bankruptcy trustee found Bar-B-Q Pit had no assets to distribute.

[3] The terms of the settlement agreement were memorialized on the record in the tort case but are not included in the certified record before us in this appeal.

hearing on May 26, 2016. On that date, the court entered judgment against the tort case defendants, jointly and severally, in the amount of $350,000.00, plus interest.[4]

On June 8, 2016, Ms. Raker filed another writ of execution concerning the federal judgment in the present case.[5] Significantly, Ms. Raker had discovered testimony from Bar-B-Q Pit's accountant in other proceedings confirming that Bar-B-Q Pit actually owned certain property the sheriff had determined belonged to other entities back in April 2014.

Bar-B-Q Pit filed a motion to strike the writ of execution on June 10, 2016, and alleged: (1) Ms. Raker was precluded from executing on property which the sheriff had already determined in April 2014 was not owned by Bar-B-Q Pit; and (2) no execution on the federal judgment should occur because, at that time, the tort case was pending on appeal. On Bar-B-Q Pit's latter point, it argued the levy arising from the federal judgment was "intertwined" with the tort case, because the settlement agreement in the

---

[4] The tort defendants filed a notice of appeal, which this Court quashed on procedural grounds by *per curiam* order on September 13, 2016. On May 9, 2017, our Supreme Court denied the tort case defendants' petition for allowance of appeal. On August 7, 2017, the tort case defendants filed a petition for writ of *certiorari* in the United States Supreme Court, which is still pending.

[5] During the pendency of the tort case, the parties to the tort lawsuit filed a joint request to re-assign the present case, involving the transferred federal judgment, to the jurist presiding over the tort case; the court granted that request.

tort case incorporated the federal judgment.

On June 13, 2016, the court scheduled a hearing and stayed execution concerning the federal judgment pending the hearing and upon Bar-B-Q Pit's posting of a bond. The court held a hearing on June 21, 2016. Bar-B-Q Pit argued the terms of the settlement agreement in the tort case constituted a "global resolution" of the tort case and the federal judgment. Because the tort case was, at that time, pending on appeal, Bar-B-Q Pit insisted Ms. Raker could not execute on the federal judgment.[6] The court disagreed with Bar-B-Q Pit's position, explaining the federal judgment was a final, unappealed judgment against Bar-B-Q Pit. The court emphasized that Bar-B-Q Pit was not even a party in the tort case. The court concluded the tort case defendants' pending appeal did not prohibit Ms. Raker from executing on the federal judgment where Ms. Raker had produced testimony from Bar-B-Q Pit's accountant confirming that Bar-B-Q Pit owned certain property. At the conclusion of the hearing, the court denied Bar-B-Q Pit's motion to strike the writ of execution.

On June 22, 2016, Bar-B-Q Pit filed a notice of appeal.[7] The court

---

[6] Bar-B-Q Pit made no argument at the hearing regarding its earlier position that Ms. Raker was precluded from executing on property the sheriff had previously decided was not owned by Bar-B-Q Pit.

[7] Following the notice of appeal, the court entered additional orders related to the amount and manner in which Bar-B-Q Pit was required to post security to stay execution pending this appeal. Bar-B-Q Pit challenges those
*(Footnote Continued Next Page)*

ordered Bar-B-Q Pit on July 12, 2016, to file a concise statement of errors complained of on appeal, which Bar-B-Q Pit timely filed on July 28, 2016.

On July 22, 2016, Ms. Raker filed an application to quash this appeal. Ms. Raker argued the June 21, 2016 order denying Bar-B-Q Pit's motion to strike is interlocutory and merely permits the normal execution process to continue. Ms. Raker claimed the sheriff must levy the property, after which any objections to the levy and any property claims will be adjudicated by the sheriff. At the conclusion of that process, including any appeal from the sheriff's decision in the Court of Common Pleas, there will be a final and appealable order. Bar-B-Q Pit filed a response, claiming the appeal is proper under the collateral order doctrine. On September 7, 2016, this Court denied Ms. Raker's application to quash without prejudice to her right to raise the issue before the merits panel.

Bar-B-Q Pit raises the following issues for our review:

> DID THE HONORABLE TRIAL COURT ERR WHEN IT DETERMINED THE LEGAL PRINCIPLE OF THE LAW OF THE CASE DOCTRINE DID NOT APPLY, WHEN ANOTHER JUDGMENT AROSE FROM THE EXACT SAME JUDGMENT IN STATE COURT BY PIERCING THE CORPORATE VEIL, BY DENYING THE MOTION TO STRIKE?
>
> HAS THE HONORABLE TRIAL COURT ERRED BY DENYING THE MOTION TO STRIKE [MS. RAKER'S] WRIT OF EXECUTION UNDER PA.R.C.P. 3121?

*(Footnote Continued)* ——————————

orders in a separate, companion appeal pending before this Court, docketed at No. 1390 MDA 2016.

(Bar-B-Q Pit's Brief at 3).

Preliminarily, "[t]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." ***Bloome v. Alan***, 154 A.3d 1271, 1273 (Pa.Super. 2017) (internal citation omitted). As a result, "this Court has the power to inquire at any time, *sua sponte*, whether an order is appealable."[8] ***Id.*** "An appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)." ***Id.***

Pennsylvania Rule of Appellate Procedure 341 defines "final orders" and states:

> **Rule 341.  Final Orders; Generally**
>
> **(a) General rule.** Except as prescribed in subdivisions (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.
>
> **(b) Definition of final order.** A final order is any order that:
>
> (1)   disposes of all claims and of all parties; or
>
> \*    \*    \*
>
> (3)   is entered as a final order pursuant to paragraph (c) of this rule.

---

[8] Neither party has briefed the jurisdictional issue.

> **(c)  Determination of finality.**  When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court…may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.  Such an order becomes appealable when entered.  In the absence of such a determination and entry of a final order, any order…that adjudicates fewer than all the claims and parties shall not constitute a final order.  …

Pa.R.A.P. 341(a)-(c).

Pennsylvania Rule of Appellate Procedure 311 provides for interlocutory appeals as of right and states:

> **Rule 311.  Interlocutory Appeals as of Right**
>
> **(a)  General rule.**—An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:
>
> *     *     *
>
> (2)  *Attachments, etc.*—An order confirming, modifying, dissolving, or refusing to confirm, modify or dissolve an attachment, custodianship, receivership, or similar matter affecting the possession or control of property, except for orders pursuant to 23 Pa.C.S.A. §§ 3323(f), 3505(a).

Pa.R.A.P. 311(a)(2).  An order denying a motion to set aside a writ of execution is appealable as a matter of right under Rule 311(a)(2) because it affects "the possession or control of property." ***Foulke v. Lavelle***, 454 A.2d 56, 58 (Pa.Super. 1982) (holding order denying appellant's motion to set aside or stay writ of execution affects possession or control of property and falls within class of orders appealable as of right under Rule 311(a)(2)).

Instantly, Ms. Raker filed an application to quash the appeal, complaining the court's June 21, 2016 order denying Bar-B-Q Pit's motion to strike the writ of execution is a non-final order under Rule 341. Nevertheless, the June 21, 2016 order impacts the sheriff's ability to levy and sell Bar-B-Q Pit's property to satisfy the federal judgment. Thus, we conclude the order appealed from affects the possession or control of property and is immediately reviewable under Rule 311(a)(2).[9] **See** Pa.R.A.P. 311(a)(2); **Foulke, supra**.

For purposes of disposition, we combine Bar-B-Q Pit's issues. Bar-B-Q Pit concedes the present case, involving the transferred federal judgment, and the tort case, have different docket numbers and different parties. Nevertheless, Bar-B-Q Pit argues both cases are "intertwined" because they originate from Ms. Raker's attempt to collect on the federal judgment. Bar-B-Q Pit asserts the parties agreed to a settlement in the tort case on April 4, 2016, in the amount of $350,000.00. Bar-B-Q Pit claims the tort case settlement originated directly from the federal judgment because without the underlying federal judgment, Ms. Raker's claims of successor liability and fraudulent transfer would not exist. Bar-B-Q Pit contends that Ms. Raker attempted to execute on the tort case, but the tort case defendants filed an appeal and posted a *supersedeas* bond to stay execution. Bar-B-Q Pit

_____

[9] Due to our disposition, we do not need to consider Bar-B-Q Pit's position that the order at issue qualifies as a collateral order.

complains Ms. Raker is now taking a "second bite of the apple" by trying to execute on the federal judgment. Bar-B-Q Pit insists the appeal in the tort case is "law of the case," which prohibits Ms. Raker from executing on the federal judgment. Bar-B-Q Pit emphasizes Ms. Raker is attempting to execute on property the sheriff already decided in 2014, did not belong to Bar-B-Q Pit. Bar-B-Q Pit also claims Ms. Raker's objections to the sheriff's determination of ownership are still outstanding. Bar-B-Q Pit concludes Ms. Raker cannot execute on the federal judgment under these circumstances, and this Court must vacate the order denying Bar-B-Q Pit's motion to strike the writ of execution. We disagree.

The "law of the case doctrine sets forth various rules that embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *Ario v. Reliance Ins. Co.*, 602 Pa. 490, 505, 980 A.2d 588, 597 (2009). "We may depart from the law of the case only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." *Block v. Bilinski*, 823 A.2d 970, 972 (Pa.Super. 2003) (internal citation omitted). "The doctrine is designed to promote judicial economy, uniformity of decision making, protect the settled expectations of the

parties, maintain the consistency of the litigation and end the case."

***Gateway Towers Condominium Ass'n v. Krohn***, 845 A.2d 855, 861

(Pa.Super. 2004).

> Significantly, however, the doctrine applies only to the actions of an **appellate court**, and cannot be applied to prevent a trial judge from reconsidering his or her prior ruling. Although the related "coordinate jurisdiction" rule may prevent one trial judge from reversing the rulings of another trial judge on the same question, that rule applies only where a second judge purports to review the order of a different judge. It does not prevent a judge from re-examining and correcting his or her own rulings.

***Id.*** (internal citations omitted) (emphasis in original).

Instantly, the trial court explained its rationale for denying Bar-B-Q

Pit's motion to strike the writ of execution as follows:

> [Bar-B-Q Pit argues] that this [c]ourt erred when it determined that the legal principle of Law of the Case Doctrine did not apply, and that the stay of execution occasioned by [the defendants'] appeal from the Tort Case did not operate to stay execution on the judgment transferred from the federal court on February 18, 2014. The appeal period for the transferred judgment lapsed more than two years prior to the filing of the Writ of Execution by [Ms. Raker] on June 8, 2016.
>
> The Tort Case and the instant case represent and are governed by entirely different parties, amounts in controversy and principles of law. This case is simply a judgment transferred from the federal court for purposes of execution. Any right to appeal from the entry of that judgment lapsed long ago.
>
> The Tort Case is factually and procedurally more complex. It is based on assertions that the multiple individual and corporate [d]efendants fraudulently transferred assets to avoid the federal judgment. The tort case arises out of separate facts that occurred after the federal judgment

- 11 -

was entered in the instant case. There were numerous and extensive pre-trial motions, hearings and arguments, settlement discussions, and approximately twelve days of testimony in a bench trial before a settlement was reached amongst the parties and their counsel, placed on the record, the parties having been sworn, and all confirmed the terms and conditions. [The d]efendants refused to comply with the settlement terms and, almost two months after the agreement was recorded, [Ms. Raker] was compelled to return to court to enforce the settlement agreement.

[The tort case d]efendants never raised any objections to the settlement agreement in the Tort Case between the time it was entered on the record on April 4, 2016, and May 24, 2016, when [Ms. Raker] appeared before the [c]ourt to enforce the settlement. Only then did [the d]efendants assert that they were not bound to the settlement agreement because they felt they were placed under duress by the [c]ourt to settle. An evidentiary hearing was held to determine the merits of [the d]efendants' duress allegations, and this [c]ourt held that the [d]efendants were bound by the terms of the settlement agreement. They appealed.

[Bar-B-Q Pit's] reliance on Law of the Case Doctrine to support [its] position that the *supersedeas* in the Tort Case should have operated to stay execution on the transferred federal judgment is misplaced for a host of reasons. [The] Law of the Case Doctrine is conceptually meant to preclude relitigation of issues within the context of a single case once they have been decided. The fundamental operation of the doctrine binds a trial court to the first adjudication of an issue. … The key instrument of the doctrine is that the matters involve the same case, parties and issues. In the instant case, there can be no relitigation of the same issues in the same case because the two cases, issues and parties are not the same in each case. The Tort Case was not a relitigation of the instant Transfer of Judgment case, nor was it a relitigation of the federal case from which the judgment originates.

In the instant case, there were no issues identical or even substantially similar enough to those in the Tort Case to

- 12 -

> warrant concerns relating to relitigation. In addition to being two separately docketed cases arising from different principles of law and involving different defendants, the amounts in controversy were different.

(Trial Court Opinion, filed August 5, 2016, at 5-6) (internal citations omitted). We agree with the trial court that the "law of the case" doctrine does not apply here.[10] *See Ario, supra*; *Gateway Towers, supra*; *Block, supra*.

With respect to Bar-B-Q Pit's claim that the sheriff's 2014 determination of ownership prohibits Ms. Raker from executing on the federal judgment, Bar-B-Q Pit abandoned this claim at the June 21, 2016 hearing on its motion to strike and did not specify it in its court-ordered Rule 1925(b) statement. Thus, this claim is waived. *See Lineberger v. Wyeth*, 894 A.2d 141 (Pa.Super. 2006) (explaining Rule 1925(b) statement must be specific enough for trial court to identify and address issues that appellant wishes to raise on appeal; concise statement which is too vague to allow court to identify issues raised on appeal is functional equivalent of no concise statement at all; if concise statement is too vague, this Court may deem issue waived). Moreover, following the sheriff's 2014 determination of

_____

[10] To the extent Bar-B-Q Pit suggests the tort case settlement agreement encompasses the federal judgment to preclude Ms. Raker from collecting on both the tort case **and** the federal judgment, we are unable to confirm that claim because the terms of the tort case settlement agreement are not included in the certified record. Assuming without deciding the tort case settlement constituted a "global resolution" of both cases, we would agree only that Ms. Raker is not entitled to a double recovery.

ownership, Ms. Raker discovered Bar-B-Q Pit did in fact own certain property subject to levy.[11]  Bar-B-Q Pit cites no law to support its proposition that Ms. Raker is prohibited from executing on Bar-B-Q Pit's property under these circumstances.[12]  As far as other individuals or entities might also have claims to the subject property, those claims could proceed in due course under the normal execution procedure.  **See** Pa.R.C.P. 3202 (discussing procedure for processing claims to personal property levied upon pursuant to writ of execution).  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2017

_____

[11] On this record we cannot tell if Ms. Raker's objections to the sheriff's determination of ownership are still outstanding.  Nevertheless, the trial court made clear at the June 21, 2016 hearing that Ms. Raker provided testimony confirming Bar-B-Q Pit's ownership of some of the subject property including an electronic billboard sign.

[12] Bar-B-Q Pit's only citation is to Pa.R.C.P. 3121(b)(2) (stating execution may be stayed by court as to all or any part of property of defendant upon its own motion or application of any party in interest showing any legal or equitable ground) and Pa.R.C.P. 3121(d)(2) (stating court may on application of any party in interest set aside writ, service or levy upon any legal or equitable ground).