J-A20021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF OLYMPIA GEORGES, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: GEORGE A. GEORGES AND JAMES A. GEORGES | : : : : : : | |
| | : | No. 3012 EDA 2023 |

Appeal from the Order Entered November 15, 2023
In the Court of Common Pleas of Delaware County Orphans' Court at
No(s): 0681-2023-O

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

JUDGMENT ORDER BY PANELLA, P.J.E.: **FILED SEPTEMBER 19, 2024**

Appellants, George Georges and James Georges, Esq., appeal from the

Orphans' Court's Decree entered by the Court of Common Pleas of Delaware

County, on November 15, 2023, which granted the Petition of the

Administrator Pendente Lite, Michael Mattison, Esq., for sanctions in the

amount of $3,160 against James Georges and George Georges pursuant to 42

Pa.C.S.A. § 2503.[1] Section 2503 provides:

> **Right of participants to receive counsel fees**
>
> The following participants shall be entitled to a reasonable counsel
> fee as part of the taxable costs of the matter:

_____

[1] The amount of $3,160 was awarded to the Administrator based on his
hourly rate of $395 per hour and estimated 8 hours to review Appellants
frivolous filings. The Orphans' Court based the award on 42 Pa.C.S.A. §
2503(7).

(1) The holder of bonds of a private corporation who successfully recovers due and unpaid interest, the liability for the payment of which was denied by the corporation.

(2) A garnishee who enters an appearance in a matter which is discontinued prior to answer filed.

(3) A garnishee who is found to have in his possession or control no indebtedness due to or other property of the debtor except such, if any, as has been admitted by answer filed.

(4) A possessor of property claimed by two or more other persons, if the possessor interpleads the rival claimants, disclaims all interest in the property and disposes of the property as the court may direct.

(5) The prevailing party in an interpleader proceeding in connection with execution upon a judgment.

(6) Any participant who is awarded counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of any matter.

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

(8) Any participant who is awarded counsel fees out of a fund within the jurisdiction of the court pursuant to any general rule relating to an award of counsel fees from a fund within the jurisdiction of the court.

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

(10) Any other participant in such circumstances as may be specified by statute heretofore or hereafter enacted.

42 Pa.C.S.A. § 2503. The trial court accurately summarized the factual and procedural history of the case. *See* Trial Court 1925(a) Opinion, 1/31/24, at

- 2 -

1-5. Therefore, a detailed recitation of the factual and procedural history is unnecessary.

The trial court considered Appellants' opposition to the aforesaid Petition. In its January 31, 2024 opinion, the trial court has aptly reviewed Appellants' arguments on the merits. However, we have reviewed the certified record and the briefs, and the relevant law, and conclude that this is an attempted appeal of an interlocutory order.

An "appeal will lie only from a final order unless otherwise permitted by statute." *Funk v. Empfield*, 281 A.3d 315, 318 (Pa. Super. 2022) (quoting *Gasper v. Gasper*, 432 A.2d 613, 615 (Pa. Super. 1981)). "A final order disposes of all claims and of all parties ...." Pa.R.A.P. 341.

It is well settled:

Under Pennsylvania law, an appeal may only be taken from an interlocutory order as of right (Pa.R.A.P. 311), from a final order (Pa.R.A.P. 341), from a collateral order (Pa.R.A.P. 313), or from an interlocutory order by permission (Pa.R.A.P. 313, 1311, 42 Pa.C.S.A. § 702(b)).

*Smitley v. Holiday Rambler Corp.*, 707 A.2d 520, 524 (Pa. Super. 1998). Generally, an order imposing sanctions is interlocutory and not appealable. See, *e.g.*, **Brawley Distrib. Co., Inc. v. Heartland Props.**, 712 A.2d 331, 331 (Pa. Super. 1998) (quashing appeal from an order granting fees based upon frivolous pre-trial filing). "An appeal from an order either awarding or denying attorney's fees is interlocutory." *Block v. Bilinski*, 823 A.2d 970, 973 (Pa. Super. 2003).

On August 13, 2024, Appellee, Mattson, filed an Application to Quash because, inter alia, the appeal is from an interlocutory order. Appellants filed a response to the application on August 19, 2024. We denied the application "without prejudice to the issue being raised at the time of oral argument." Order, 8/19/24. For the reasons cited above, we find the order granting sanctions to be interlocutory and unappealable, and therefore grant the application to quash.[2]

Appeal quashed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/19/2024

---

[2] In a decedent's estate, generally the confirmation of the final account of the personal representative constitutes the final order subjected to exceptions and appeal. **In re Est. of Cherwinski**, 856 A.2d 165, 166-57 (2004). A surcharge in an estate case is final between the estate and the respondent and is, therefore, subject to immediate appeal. The decree in this case is an order for sanctions and not an order for a surcharge.